

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

*See at 3.04*
*248 Election Code*
*and opinions*
*0-2487 and 0-2786*

Hon. C.S. Clark, Chairman
Board of Water Engineers
Austin, Texas

Dear Sir:

Opinion No. 0-982
Re: Eligibility of named persons
for appointment to the Board
of Directors of Webb County
Conservation and Reclamation
District.

We acknowledge receipt of your request for an opinion as to the eligibility of the persons named in your letter for appointment as members of the Board of Directors of Webb County Conservation and Reclamation District as created by Senate Bill #329, Acts of the Forty-sixth Legislature.

Your letter states that among the persons recommended to the Board of Water Engineers for appointment on the Board of Directors of the District are the tax assessor and collector of Webb County, a precinct commissioner and the chairman of the democratic executive committee of Webb County. The last paragraph of your letter states the question as follows:

"In view of Section 40 of Article 16 of the Constitution of Texas, and your opinion No. 0-490, will you kindly advise this Department whether or not the above named gentlemen are eligible for appointment to the Board of Directors of the Webb County Conservation and Reclamation District, since they will serve without pay"?

The relevant portion of Section 40, Article 16 of the Constitution of Texas, provides as follows:



Hon. C.S. Clark, Page 2

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, * * *."

Opinion No. O-490, written by Assistant Attorney General Dick Stout, to which you refer in your letter, discusses fully the interpretation and effect that should be given to this section of the Constitution and we respectfully refer you to that opinion as one of general application. As Mr. Stout therein points out there is no constitutional provision which prohibits a person from holding more than one civil office as long as he holds only one Civil Office of emolument, e.g., one to which pecuniary gain or profit is attached. See also Graves vs. M. Griffin; O'Neil & Sons, 189 S.W. 778.

The case of Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 was a suit to enjoin alderman from acting as school trustees and to invalidate the acts of such trustees. The court of Civil Appeals held that the fact that an alderman also held the position of school trustee and received no pay as school trustee, removed him from the constitutional inhibition and that he did not hold "more than one Civil Office of emolument." The Supreme Court, however, held that it was immaterial whether or not either office was one of emolument, since the duties of the two offices were incompatible, in view of the power over schools exercised by aldermen.

It is the opinion of this department that a person can hold more than one civil office provided he holds not more than one of emolument and provided the duties of the offices held are compatible and do not conflict in any way. For a complete discussion we refer you to opinion No. O-490.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ross Carlton
Assistant

RC:omb

APPROVED JUN 24, 1939

ATTORNEY GENERAL OF TEXAS

WPN.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN